JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-6012 PA (JEMx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | Jesus Lopez v. Michael Weinig, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

On July 9, 2020, the Court provisionally remanded this action because the Notice of Removal is procedurally defective. (Dkt. 12.) The Notice of Removal indicates that Michael Weinig, AG ("Removing Defendant") did not obtain the consent of Michael Weinig, Inc. ("Non-Removing Defendant") to remove the action. Non-Removing Defendant did not join in the Notice of Removal. Therefore, the Court remanded this action to Los Angeles Superior Court, Case No. 19STCV30612, for failure to comply with the removal requirements of 28 U.S.C. § 1446. The Court stayed the remand until July 16, 2020 to afford Plaintiff an opportunity to waive the procedural defect. As of today's date, Plaintiff has not filed a Notice of Waiver of Procedural Defects, or any other response to the Court's July 9th Order.

On July 13, 2020, Removing Defendant filed a Motion for Leave to File Amended Notice of Removal, and a Consent to Removal from Non-Removing Defendant. (Dkts. 13 and 14.) That same day, both Defendants filed an Amended Notice of Removal (Dkt. 15.) The Court notes that the Motion for Leave is defective for several reasons: it does not include a hearing date, it does not include a proposed order, and it appears that the parties did not meet and confer in accordance with Local Rule 7-3 before the motion was filed. (See Dkt. 16.) For the reasons discussed below, the Amended Notice of Removal and Consent to Removal are both untimely and therefore cannot cure the procedural defect.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-6012 PA (JEMx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | Jesus Lopez v. Michael Weinig, Inc. et al. | | |

In a multi-defendant action, a later-served defendant has a right of removal separate from that of an earlier-served defendant. See 28 U.S.C. § 1446(b)(2). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. §1446(b)(2)(c). All proper defendants in an action must join or consent to a notice of removal. See 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal."). A defendant may join in or consent to the removal within the notice of removal or in a separate document reflecting joinder or consent. See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266.

The Notice of Removal is procedurally defective here because Non-Removing Defendant has not consented or joined. Moreover, the Notice did not include a sufficient explanation for the absence of a joinder by Non-Removing Defendant, or any reason why its joinder was not necessary. In the Motion for Leave, Removing Defendant argues that there was in fact consent to removal. The end of the Notice of Removal states that "Defendants pray the action bearing Case No. 19STCV30612 in the Superior Court of Los Angeles County, California, be removed to and proceed in this Court." (Dkt. 13 at 3 (citing Dkt. 1 at 5.).) Removing Defendant also points out that the Notice of Removal was signed by counsel for both Defendants. The Court finds these arguments are unpersuasive, particularly in light of the fact that beginning of the Notice states that Michael Weinig, AG is removing the action—and makes no mention of Michael Weinig, Inc. (See Dkt. 1 at 2 ("Defendant Michael Weinig, AG ("Weinig AG") hereby removes to this Court the state court action described below based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(a) and (b).").)

Thus, the issue before the Court is whether the Amended Notice of Removal and the Non-Removing Defendant's Consent to Removal timely cured the procedural defect. "[T]he question of when a defendant's separate joinder or consent must be filed to be timely does not appear to be definitively established in the Ninth Circuit, particularly following recent amendments to the removal procedure statute." Pattison v. Nevada, 2014 WL 2506467, at *1 (D. Nev. June 3, 2014). The Court finds Palmeira v. CIT Bank, N.A. is instructive. See 2017 U.S. Dist. LEXIS 176246, at *8-17 (D. Haw. Oct. 24, 2017). In Palmeira, the Notice of Removal was silent as to the absence of the mortgagee defendants, and the Notice was not amended before the expiration of the statutory 30-day period for removing the case. The court found the Notice was procedurally defective. Id. The mortgagee defendants filed their Consent and Joinder 17 days after the Notice of Removal was filed and 34 days after defendant Colridge was served with the amended complaint. Id. The court concluded that this did not timely cure the procedural defect, and therefore remanded the action to state court. Id. The Palmeira court reasoned that lack of consent is a defect which must be cured within the 30-day removal period

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-6012 PA (JEMx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | Jesus Lopez v. Michael Weinig, Inc. et al. | | |

because (1) the defendant has the burden of establishing removal is proper, (2) the consent of earlier-served co-defendants is required for removal, and (3) defects in removal requirements must be cured within the 30-day period for removal, or removal is improper.  Id. at *15.

In addition, the Palmeira court recognized that Congress did not intend for the removal statute to "allow an indefinite period for removal."  Id. at *10 (citing H.R. Rep. No. 112-10, at 14 (2011)); see also Chakra 5, Inc. v. City of Miami Beach, 968 F. Supp. 2d 1210, 1214 (S.D. Fla. 2013) (quoting H.R. Rep. No. 112-10 and rejecting argument that there is no deadline for consent); Lewis v. HSBC Bank USA, N.A., 2017 U.S. Dist. LEXIS 136843, at *7 (D. Haw. Aug. 25, 2017) (Section 1446(b)(2)(C) "does not provide an open-ended opportunity to consent to removal at any time during the course of a case."), adopted by 2017 U.S. Dist. LEXIS 147310 (D. Haw. Sept. 12, 2017)  Rather, Congress intended to "provide[] for equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them without undermining the Federal interest in ensuring that defendants act with reasonable promptness in invoking Federal jurisdiction."  Palmeira, 2017 U.S. Dist. LEXIS 176246, at *10-11 (quoting H.R. Rep. No. 112-10, at 14).  Thus, "[r]equiring a later-served defendant to obtain consent within 30 days is not an unfair burden."  Id. at *16.

Other courts have similarly held that defendants must consent to removal within the 30-day removal period of the last-served defendant.  See, e.g., Lewis, 2017 U.S. Dist. LEXIS 147310 (remanding action to state court because in order to cure the defective Notice, the second-served Defendant was required to submit its consent within the 30-day statutory window for the last-served Defendants to remove); Zambrano v. New Mexico Corr. Dep't, 256 F. Supp. 3d 1179, 1186 (D.N.M. June 1, 2017) (remanding action because "[u]nder the last-served defendant rule, the rule of unanimity, and 28 U.S.C. § 1446(b), Defendants were required to obtain unanimous consent to removal from each served Defendant no later than the date on which the last-served Defendants had to file a notice of removal, in order for removal to be effective.  The Court finds unanimous consent was required by April 26, 2017, which was thirty days after the last Defendants were served.  Defendant Hohman did not consent to removal until two days after this thirty-day window . . . Defendant Hohman did not timely give consent to removal and, therefore, removal is procedurally defective."); Alston v. Wells Fargo Bank, Nat'l Ass'n, 2017 WL 2839629, at *2 (D. Md. June 29, 2017) (remanding action and reasoning that "under 28 U.S.C. § 1446(b)(2), a removing defendant must secure the consent of other served defendants by the time of the filing of the notice of removal, or within 30 days of when the consenting defendant was first served, whichever is later."); Rouege Trucking, LLC v. Canales, 2015 WL 127870, at *4 (M.D. La. Jan. 7, 2015) (finding defendants' consents to removal were timely because they were filed within 30-days of the service of Axis, the last-served defendant.).

Defendant relies on two cases—Hafiz v. Greenpoint Mortgage Funding, Inc. and Wilburn v. Bratcher—to argue that the consent deadline should run 30 days from the date the Notice of Removal was filed.  (Mot. at 4.)  In Hafiz v. Greenpoint Mortg. Funding, Inc., the Ninth Circuit concluded that "reversal and remand to state court is unnecessary because any procedural defects were cured before a

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-6012 PA (JEMx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | Jesus Lopez v. Michael Weinig, Inc. et al. | | |

judgment on the merits was entered." 409 Fed. Appx. 70, 72 (9th Cir. 2010). The Circuit reasoned in part that "Defendant Marin's consent was implied because Marin shared counsel with defendant [Greenpoint], which had timely consented, and Marin and Greenpoint jointly moved for dismissal." Id. Here, although defendants share the same counsel, the Court has found that Non-Removing Defendant's consent was not implied in the Notice of Removal. In addition, Non-Removing Defendant has not joined Removing Defendant in a dispositive motion filed before this Court identified the procedural defect. Nor can Non-Removing Defendant establish that it shares counsel with a third defendant that did timely consent to the Notice of Removal. The Circuit also held in Hafiz that "[a]ny defect in Defendant MERS's consent was cured by the time judgment was entered because MERS did consent (albeit late) and because Hafiz voluntarily dismissed MERS from the action prior to judgment." Id. Here, however, Defendants cannot similarly argue that the procedural defect should be cured because Plaintiff has not dismissed Non-Removing Defendant from this action. Ultimately, it appears that Hafiz's procedural posture is quite different from the present action. For these reasons, Defendant has failed to show how Hafiz is guiding here.

Removing Defendant has also failed to explain why this Court should follow Wilburn v. Bratcher. In Bratcher, the Court held that "[a]ll defendants who have been properly . . . served in the action must join a petition for removal. This is commonly referred to as the unanimity requirement. Defendants may also meet the unanimity requirement by amending the notice of removal within thirty (30) days of its filing." 2015 WL 9490242, at *4 (E.D. Cal. Dec. 30, 2015) (citation omitted). But Palmeira rejected this position, holding:

> Under 28 U.S.C. § 1447(c), a plaintiff also only has 30 days after the notice of removal is filed to move to remand on the basis of any defect other than lack of subject matter jurisdiction. Thus, if a co-defendant were to wait until the 30th day after the notice of removal was filed to indicate his consent, the plaintiff would also have to wait until that 30th day to know if a motion to remand could be filed for lack of consent. Under such circumstances, the co-defendant's consent and the plaintiff's motion to remand would be due on the same day. It is unrealistic to expect plaintiffs to wait to see if earlier-served defendants file an eleventh-hour consent to draft a motion to remand. However, consent filed at the last minute would also waste any effort previously put towards drafting in advance a motion on that basis. Such a rule thus puts plaintiffs at a disadvantage and invites waste of resources and unnecessary motions practice.

2017 U.S. Dist. LEXIS 176246, at *15-16. Without more, Removing Defendant has failed to present sufficient case law to establish that the deadline for consent and joinder should run 30 days from the date the Notice of Removal is filed.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-6012 PA (JEMx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | Jesus Lopez v. Michael Weinig, Inc. et al. | | |

   Removing Defendant also argues a defendant "may amend the Notice of Removal after the thirty day window has closed to correct a defective allegation of jurisdiction."  (Mot. at 3 (citing Rodriguez v. Circle K Stores Inc., 2019 WL 3026747, *4 (C.D. Cal. July 11, 2019)).)  But the Notice of Removal suffers from a procedural defect, not a jurisdictional defect.  See Atlantic Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 938 (9th Cir. 2010)(violation of the defendant unanimity rule—i.e., the failure to obtain the joinder or consent of all properly served defendants—is a procedural defect); see also Prize, 167 F.3d at 1266.  Removing Defendant has failed to present any case law that establishes it is entitled to additional time to cure a procedural defect under these circumstances.  The Court remains unconvinced that it should reward Removing Defendant with additional time to cure when the Court flagged the procedural defect for the parties and inquired about Plaintiff's waiver.  Ultimately, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).  As applied here, strict construction in favor of remand suggests that consent should be filed within the 30-day period for removal.  "Allowing additional time to obtain and file consent for removal would disfavor remand." Palmeira, 2017 U.S. Dist. LEXIS 176246, at *14-15.

   The Court finds that Removing Defendant's Notice of Removal was procedurally defective because it was silent as to the absence of Non-Removing Defendant.  This procedural defect was not timely cured.  Non-Removing Defendant's Consent to Removal and the Amended Notice of Removal were both filed on July 13, 2020.  This is well outside the 30-day removal period that began running when Removing Defendant was served the Summons and Complaint on June 5, 2020.  For these reasons, the Court concludes that the Notice of Removal is procedurally defective and Removing Defendant's attempt to cure the defect was untimely.  See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266.  Accordingly, this action is remanded to Los Angeles Superior Court, Case No. 19STCV30612, for failure to comply with the removal requirements of 28 U.S.C. § 1446.  See 28 U.S.C. § 1447(c).

   IT IS SO ORDERED.